### BENNETT PUMPS CORPORATION v. WAYNE PUMP CO. et al.
### No. 5435.

Circuit Court of Appeals, Sixth Circuit.
Nov. 6, 1930.

Frank E. Liverance, Jr., of Grand Rapids, Mich. (Marshall, Melhorn, Marlar & Martin, of Toledo, Ohio, on the brief), for appellant.

C. L. Byron, of Chicago, Ill. (Henry M. Huxley, of Chicago, Ill., on the brief), for appellees.

Before DENISON and HICKS, Circuit Judges, and COCHRAN, District Judge.

PER CURIAM.

In Marvel Co. v. Merit Co., 29 F.(2d) 313, we sustained the Bellar patent for a grease pump, and held it infringed by the Merit device. The Bennett pump, involved in the present appeal, is generally similar to the Merit, and the District Judge thought this case was ruled by that one. Much of the same argument against validity and infringement is now pressed upon us, by other counsel and with somewhat different aspect, and we have given it further consideration; but we find no sufficient reason for reopening the subjects there decided. It remains only to determine whether the claim should be given such a narrow construction that while Merit falls within it, Bennett escapes.

We thought that Bellar departed from the earlier Haines, in that he used in his combination the depending guide, which Haines did not have, but which Merit also used. In his corresponding guide, Bennett does not use the particular form of Haines and Bellar, but insists he uses that of Children, another earlier patent. So far as concerns alone the form of the guide, he is right; but we did not intend in the former cases to hold that his invention lay in the particular form of that element; it resided in the combination of elements, each of which was old, in equivalence if not specifically. The form of this guide is limited only by the effect of the claim word "depending" (from the hollow upper head). Bennett has the hollow upper head, like Bellar rather than like Children, and the guide is attached to the lower part thereof; in a fair sense it "depends from" this head. There is a sufficiently literal response.

The question of invention, as said before, is a close one; but it would be a futile thing to sustain a patent, if it may be avoided by such inconsequential changes.

The decree is affirmed.